UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | NO: 2:17-CR-128-RMP |
|---|---|
| Plaintiff, | |
| v. | ORDER GRANTING UNITED STATES' MOTION FOR A PROTECTIVE ORDER |
| DAVID M. BERARDUCCI (1); BRANDI L. LEHMAN (2); KIMBERLY L. REEDY (3); BREANNA M. SHOVE (4); BROCK E. EARLE (5); BILLY J. KOSCHNEY (6); RHONDA J. GENDREAU (7); MARGARIE L. BROWN (8); LUCAS T. CASSIDY, II (9); and FREDERICK WEIKERT, JR., | |
| Defendants. | |

BEFORE THE COURT is the United States' motion for a protective order, ECF Nos. 106 (motion) and 108 (*praecipe* correcting scrivener's error in motion). No responses were received from Defendants pursuant to the expedited hearing schedule set by the Court at ECF No. 112 (text-only). The Court has reviewed the motion, the record, relevant law, and is fully informed.

ORDER GRANTING GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER ~ 1

1   The United States initiated this case in a 45-count Indictment that names 10
2   Defendants and alleges, against some or all of the Defendants, conspiracy to
3   commit bank fraud, substantive acts of bank fraud, and aggravated identify theft.
4   ECF No. 1.  Not all Defendants have yet made their initial appearances.  *See* ECF
5   No. 102 (pretrial order as to seven Defendants).  The United States indicates an
6   intention to provide discovery to Defendants "on a rolling basis . . . as they enter
7   the case," following the Court's ruling on the request for a protective order.  ECF
8   No. 108 at 6.
9       The United States represents that the forthcoming discovery materials in this
10  matter contain various types of sensitive and personal identifying information
11  regarding alleged victims, third parties, and the Defendants themselves.  ECF No.
12  108 at 3.  The United States further represents that redacting the documents to be
13  disclosed during discovery would inhibit the ability of defense counsel to decipher
14  them.
15      The standard for entry of a protective order in a criminal matter, generally, is
16  good cause.  *See* Fed. R. Crim. P. 16(d)(1) (providing that a "court may, for good
17  cause, deny restrict, or defer discovery or inspection, or grant other appropriate
18  relief").  The Court finds that the potential injury from the dissemination of the
19  sensitive information at issue, combined with the benefit from avoiding redaction
20  of that information, constitutes good cause to enter the proposed protective order in
21

ORDER GRANTING GOVERNMENT'S MOTION FOR A PROTECTIVE
ORDER ~ 2

an expedited fashion. However, any Defendant may move to modify the protective order at a later date. *See* Fed. R. Crim. P. 16(d).

Accordingly, **IT IS HEREBY ORDERED** that:

1. The United States' Motion for a Protective Order, **ECF No. 106**, is **GRANTED**.

2. The United States is authorized to disclose, in an unredacted format, the discovery and sensitive information materials (hereinafter "Discovery") in its possession in the above-captioned matter. The United States is further authorized to produce Discovery pursuant to the obligations imposed by this Court.

3. United States personnel and counsel for Defendants shall not provide, or make available, the Discovery to any person except as specified in this Order or by approval from this Court. Accordingly, defense counsel and the United States shall restrict access to the Discovery, and shall disclose the Discovery only to Defendants, office staff, investigators, independent paralegals, necessary third-party vendors, consultants, and/or anticipated fact or expert witnesses to the extent that defense counsel believes is necessary to assist in the defense of a Defendant in this matter or that the United States believes is necessary in the investigation and prosecution of this matter.

4. Third parties contracted by the United States or defense counsel to provide expert analysis or testimony may possess and inspect the Discovery, but only as necessary to perform their case-related duties or responsibilities in this matter. At all times, third parties shall be subject to the terms of this Order.

5. Discovery in this matter will be made available to defense counsel via access to a case file on USA File Exchange. If it is necessary for Defendants to review discovery personally, defense counsel may download the discovery and duplicate it only once for that purpose. Discovery materials may not be left in the possession of any Defendant at any time. In order to provide Discovery to a necessary third-party vendor, consultant, and/or anticipated fact or expert witness, defense counsel may duplicate the Discovery, only once for that purpose. No other copies shall be made by Defendants, defense counsel, or any third parties related to, hired, or otherwise employed on behalf of Defendants, without prior approval from this Court.

6. To the extent that defense counsel makes any portion of the Discovery available in paper format to anyone, including Defendants, outside of defense counsel's office(s), defense counsel shall ensure that any and all sensitive information is redacted or removed. Such redaction/removal shall include, but shall not be limited to, the

following information: (a) all Social Security, identification card, driver's license, birth certificate, and taxpayer identification numbers; (b) all business and employer names, locations, addresses, as well as salary information; (c) residential and business addresses; (d) all dates of birth, organ donor information, telephone numbers, and email addresses; (e) all lease, bill, or other payment amounts; and (f) all information identifying the contents and routing and account number(s) of any financial account, including bank, trust, and retirement account(s).

7. For purposes of this Order, "other party" is any person other than counsel for the United States, defense counsel, or a Defendant. Defense counsel of record shall ensure that any defense-affiliated other party who obtains access to the Discovery will be provided a copy of this Order. No other party who obtains access to or possession of the Discovery shall retain such access or possession unless authorized by this Order, nor further disseminate the Discovery except as authorized by this Order. Any other party who obtains access to or possession of, the Discovery once the other party no longer requires access to or possession of the Discovery shall promptly destroy or return the Discovery once access to Discovery is no longer necessary.

8. All counsel of record, including counsel for the United States, shall keep a list to identify each person to whom the Discovery is disclosed and who was advised of the requirements of this Order. Neither defense counsel nor the counsel for the United States shall be required to disclose this list of persons unless ordered to do so by the Court.

9. Upon entry of a final order of the Court in this matter and the conclusion of any direct appeals, the United States and defense counsel shall retrieve and destroy all copies of the Discovery, except that counsel and government personnel may maintain copies in their closed files following their customary procedures.

10. The United States and defense counsel shall promptly report to the Court any known violations of this Order.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** August 14, 2017.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge